IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| The Estate Trust known as CAROLYN ZEMECKIS,<br><br>Plaintiff,<br><br>vs.<br><br>SLOAN SERVICING,<br><br>Defendant. | Civil No. 25-00375 MWJS-RT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DEFERRING DECISION ON WHETHER TO GRANT LEAVE TO AMEND |

**INTRODUCTION**

This case arises out of a dispute over student loans. The loans were originally taken out by Carolyn Zemeckis and are currently serviced by Defendant Sloan Servicing. Following extensive correspondence in which Zemeckis sought the discharge of her loans, a lawsuit was filed in Hawaiʻi state court by an "Estate Trust" in Zemeckis's name. The Trust—of which Zemeckis is Trustee—alleged that Sloan Servicing had failed to lawfully respond to statutory notices Zemeckis had served under various federal laws.[1]

[1] Since filing this action, Zemeckis has twice moved to abandon any reference to the Plaintiff Trust or her status as Trustee. *See* Dkt. Nos. 25, 31. The Magistrate Judge denied these motions, Dkt. Nos. 27, 32, and explained what procedure Zemeckis must use to properly amend her pleading, Dkt. No. 32, and the court reminds Zemeckis that she must abide by these decisions. But for the purposes of this motion, the court has not taken into account Zemeckis's trustee status or lack thereof in ruling on the motion.

Sloan Servicing removed the action to this court and then filed a motion to dismiss. In support of its motion, Sloan Servicing argues that Zemeckis's complaint fails to supply a short and plain statement for relief as required by Federal Rule of Civil Procedure Rule 8, and also that each count pleaded in the complaint fails to state a claim in violation of Federal Rule of Civil Procedure Rule 12(b)(6).

Because the complaint fails to include sufficient factual allegations to place Sloan Servicing on notice of the wrongs it allegedly committed, the court GRANTS Sloan Servicing's motion on Rule 8 grounds. The court DEFERS ruling on whether to grant leave to amend; Zemeckis is invited to submit, by no later than January 10, 2026, a letter explaining what facts she would allege to cure the Rule 8 deficiencies.

## BACKGROUND

In December 2024, Zemeckis filed a dispute and request for information with Sloan Servicing. Among other things, she asked the student loan servicer to provide her with the "original promissory note" and payment history details. Dkt. No. 1-2, at PageID.19. According to a subsequent letter from Zemeckis, she did not "receive the full and proper documentation for [her] loan," and she renewed her request in January 2025. *Id.* Over the next few months, Zemeckis reiterated her disputes and made payments under protest. *Id.* at PageID.21-23. In March, she issued a "Final Notice to Cease Collection & Discharge Alleged Debt" demanding that Sloan Servicing discharge her debt or be subjected to formal complaints and litigation. *Id.* at PageID.24.

In April, Zemeckis sent Sloan Servicing a "Lawful Tender for Full Settlement," which purported to settle the balance of her student loan debt in exchange for a "Trust-Backed Promissory Note" promising to pay $65,469.34 from the "Estate Trust Known as Carolyn Zemeckis." *Id.* at PageID.27-34. In the mailing, Zemeckis asserted that if Sloan Servicing did not accept the promissory note, its refusal would result in "full and immediate discharge of [the] obligation" under the Uniform Commercial Code. *Id.* at PageID.33.

It is not clear whether Sloan Servicing ever responded to the communication from Zemeckis.[2] But in May, Zemeckis sent the company a demand for "proof of claim," requesting among other things "the original, wet-ink promissory note or instrument" that created her student loan obligations. *Id.* at PageID.36. Sloan Servicing evidently did not meet Zemeckis's demands, so she mailed the company a "Certificate of Dishonor and Final Affidavit of Administrative Judgment" asserting that the debt was discharged and "administratively settled in full." *Id.* at PageID.41.

Zemeckis initiated this lawsuit in July 2025 by filing a complaint in the Circuit Court of the Fifth Circuit, State of Hawai'i, entitled *The Estate Trust Known as Carolyn Zemeckis v. Sloan Servicing*, Civ. No. 5CCV-25-0000067. In the complaint, Zemeckis claims that although her student loans have allegedly been "fully discharged and

---

[2] The attachments to Zemeckis's complaint only include her mailings and do not indicate whether any responses were received.

legally extinguished," Sloan Servicing continues to "claim an interest" in the debt. Dkt. No. 1-2, at PageID.10. She contends that she "tendered a negotiable instrument" to Sloan Servicing and "served statutory notices" under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g; the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*.; and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq*. *Id.* Because Sloan Servicing allegedly failed to properly respond to these notices, the complaint alleges that Zemeckis is now entitled to various forms of relief—including a "discharge decree," "expungement of any adverse claims" by Sloan Servicing, and a permanent injunction against future "title interference" or collection. *Id.*

Sloan Servicing was served in the state court suit on August 13 and timely removed the action to this court on the basis of federal question jurisdiction. Dkt. No. 1. A week after removing the case, Sloan Servicing filed the instant motion to dismiss. Dkt. No. 7. Zemeckis opposed the motion, Dkt. No. 14, and Sloan Servicing replied, Dkt. No. 21. Zemeckis subsequently filed an additional "Renewed Opposition" on her own motion in response. Dkt. No. 22. After briefing was complete, the court entered an order affording Zemeckis the opportunity to respond to Sloan Servicing's arguments regarding the FDCPA definition of "debt collector," Dkt. No. 26, and Zemeckis timely responded, Dkt. No. 28.

While the motion to dismiss was pending, Zemeckis filed several motions for summary judgment, declaratory judgment, and judicial notice. Dkt. Nos. 15-18. She

also filed motions in an effort to proceed in her personal capacity rather than as the named plaintiff Trust, all of which were denied by the Magistrate Judge. Dkt. Nos. 25, 27, 31-32. This order addresses only the merits of Sloan Servicing's motion to dismiss, and because it grants that motion, the Trust's competing motions for summary judgment, declaratory judgment, and judicial notice are denied as moot.

## DISCUSSION

### A. Motion to Dismiss

Sloan Servicing raises two main categories of arguments in favor of dismissal. First, it argues that Zemeckis's complaint fails to provide a "short and plain statement of the claim for relief" as required by Rule 8. *See* Dkt. No. 7, at PageID.72-73. Second, it argues that each cause of action in the complaint fails to state a claim for relief under Rule 12(b)(6). *See id.* at PageID.71-72, 73-75. Because the court concludes that Rule 8 provides a sufficient basis to dismiss the complaint, this order addresses the Rule 12(b)(6) arguments only to the extent necessary to give Zemeckis notice of the defects she would need to cure if granted leave to file an amended complaint.

#### 1. Rule 8

Rule 8 requires a complaint to include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This provision demands "more than 'the-defendant-unlawfully-harmed-me accusation[s],' and '[a] pleading that offers labels and conclusions or a formulaic

recitation of the elements of a cause of action will not do.'" *Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1160 (D. Haw. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 8 requires that a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and to thereby "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Put slightly differently," a complaint will be dismissed "for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed." *Newcomb*, 861 F. Supp. 2d at 1160.

Sloan Servicing argues in its motion to dismiss that the complaint offers only "naked assertions" which fail to provide "sufficient notice of what Plaintiff . . . is contending Defendant did wrong." Dkt. No. 7, at PageID.73. As a result, Sloan Servicing asserts, "the [c]omplaint does not satisfy the basic requirements of Rule 8 and should be dismissed." *Id.* The court agrees.

The factual allegations in Zemeckis's complaint are limited to the following:

> "Defendant claims an interest in under an alleged loan now fully discharged and legally extinguished through non-judicial administrative process and lawful tender. Plaintiff Trust tendered a negotiable instrument and served statutory notices (15 U.S.C. § 1692g, TILA, RESPA), including: Debt Validation Request, Conditional Acceptance, Tender of Discharge Instrument, Notice of Fault/Default, Affidavit of Non-Response. Sloan Servicing failed to respond lawfully. Default and estoppel now apply."

Dkt. No. 1-2, at PageID.10. The complaint also includes a request for various types of relief (and a number of attachments, which appear to be documents Zemeckis mailed to Sloan Servicing), but the language quoted above is the only factual matter alleged in the complaint.

Although the complaint references several federal statutes, it offers no explanation as to *how* Sloan Servicing allegedly violated those statutes beyond the assertion that "Sloan Servicing failed to respond lawfully." *Id.* But to state a claim under Rule 8, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; *see also Jasso v. Citizens Telecomms. of Calif., Inc.*, No. Civ. S-05-2649, 2007 WL 97036 (E.D. Cal. Jan. 9, 2007) ("A mere citation to a law or regulation does not satisfy [Rule 8's] requirement[s].") Moreover, the complaint offers no factual allegations whatsoever from which the court "could draw the reasonable inference that the defendant is liable" for a violation of the FDCPA, TILA, or RESPA. *See Iqbal*, 556 U.S. at 678. Because the complaint therefore fails to satisfy Rule 8's pleading standard, the court GRANTS Sloan Servicing's motion to dismiss.

**2. Rule 12(b)(6)**

Having found that dismissal is justified on Rule 8 grounds, the court need not conclusively reach the substantive arguments raised under Rule 12(b)(6) in Sloan

Servicing's motion. If the court were to reach these arguments, however, it would likely find at least two of them persuasive.

First, in order to state a claim under the FDCPA, a plaintiff must allege facts establishing that the defendant is a debt collector. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013). And the FDCPA itself excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person" from the definition of "debt collector." 15 U.S.C. § 1692a(6)(F). Sloan Servicing argues that at the time it acquired Zemeckis's student loan debt, the debt was not in default, and therefore Sloan Servicing cannot be deemed a "debt collector" for the purposes of the FDCPA. *See* Dkt. No. 21, at PageID.285-86.

Were the court to reach this argument, it would be inclined to agree. Without an allegation that her loans were in default at the time Sloan Servicing acquired them, Zemeckis cannot establish that Sloan Servicing is a covered debt collector under the FDCPA. *See Edmond v. Am. Educ. Servs.*, No. 10-0578, 2010 WL 4269129, at *5 (D.D.C. Oct. 28, 2010) (explaining that "a loan servicer is not a covered debt collector under the FDCPA absent an allegation that plaintiff's account was in default" when the servicer acquired it). And where a plaintiff "does not allege that [s]he was in default at the time [Defendant] began servicing [her] loans," she fails to state a claim for relief under the FDCPA. *Brumberger v. Sallie Mae Servicing Corp.*, 84 F. App'x 458, 459 (5th Cir. 2004).

Zemeckis responds that Sloan Servicing should be considered a debt collector because "[i]t did not originate the debt; it is acting in a collection capacity; [and] it attempted to enforce an obligation presumed to be in default." Dkt. No. 28, at PageID.419. But she offers no explanation as to why her loans should be "presumed to be in default," and there is no evident reason to apply such a presumption—especially given that the attachments to the complaint indicate that Zemeckis was continuing to make payments under protest "in order to avoid . . . 'default' status." Dkt. No. 1-2, at PageID.21. In any event, to the extent that Zemeckis's complaint does not allege that her loans were in default at the time Sloan Servicing obtained them, it fails to allege that Sloan Servicing is a debt collector and therefore fails to state a FDCPA claim.

Second, Sloan Servicing argues that Zemeckis has failed to state a claim under RESPA because the law does not apply to the type of loan at issue here. Dkt. No. 7-1, at PageID.74. Specifically, Sloan Servicing contends that "RESPA does not apply to student loans, and therefore, provides no legal basis for Plaintiff Trust's claims or the requested relief." *Id.* Were the court to reach this argument, it likely would agree.

"Congress enacted RESPA in 1974 to protect home buyers from inflated prices in the home purchasing process." *Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1008 (9th Cir. 2002). In line with that purpose, "RESPA applies only to 'federally related mortgage loan[s].'" *Edwards v. First Am. Corp.*, 289 F.R.D. 296, 304 (C.D. Cal. 2012) (quoting 12 U.S.C. § 2607(a)). A loan qualifies as a "federally related mortgage loan" if

it is "secured by a lien on residential property designed for one to four families" and meets one of four additional criteria. *Id.* (discussing 12 U.S.C. § 2602(1)). If a loan does not meet these criteria, it is not covered by RESPA.

Zemeckis does not contend that her loans are federally related mortgage loans; indeed, she does not assert that her loans are mortgages at all. She instead acknowledges that the loans in question are an "alleged student loan debt," *see, e.g.*, Dkt. No. 15, at PageID.129, and the complaint contains no allegation that the debt was secured by a lien on residential property. To the contrary, the attachments to her original state court complaint similarly characterize the loan as a "student loan." *See, e.g.*, Dkt. No. 1-2, at PageID.19. Without any factual allegation from which the court could conclude that the loan in question is a federally related mortgage loan, Zemeckis cannot show that RESPA applies to the loan. The complaint therefore likely fails to state a claim under RESPA.

As discussed in detail below, the court may ultimately grant Zemeckis leave to amend her complaint. If she ultimately is granted such leave and decides to continue pursuing this lawsuit, she should consider not only whether she can plead sufficient factual matter for each claim to satisfy Rule 8, but also whether she can allege the facts necessary to address these specific likely defects in her complaint.[3]

---

[3] Sloan Servicing also raises a potential statute-of-limitations issue with Zemeckis's TILA claim in its motion to dismiss. Dkt. No. 7-1, PageID.73-74. It argues that the statute of limitations for TILA claims begins running at the time the "consumer

**B. Leave to Amend**

When the court dismisses a complaint, it also generally grants the plaintiff leave to amend where justice so requires. And the court "recognizes that leave to amend a complaint should be freely given to pro se litigants." *Schwartz v. Wells Fargo Home Mortg. Of Haw., LLC*, No. 12-00257, 2012 WL 12893537, at *6 (D. Haw. Sept. 5, 2012). But where "it is clear that the complaint could not be saved by any amendment," including where the plaintiff "could not allege any additional facts which might cure defects in the complaint," leave to amend should not be granted. *Burnett v. Twentieth Century Fox Film Corp.*, 491 F. Supp. 2d 962, 971-72 (C.D. Cal. 2007) (cleaned up).

Because some or all of Zemeckis's claims would appear to fail to state a claim, even if she were to reallege them with the particularity required by Rule 8, the court DEFERS decision on whether to grant leave to amend the complaint. Instead, the court affords Zemeckis an opportunity to file a letter explaining how, if given leave to amend, she would amend her complaint to sufficiently state a claim as required by Rules 8 and

---

becomes obligated on a credit transaction," which Sloan Servicing alleges was over twenty years ago in this case. *Id.* at PageID.74. Because Sloan Servicing supported this argument with a supporting declaration, it likely would not have been appropriate for the court to consider it as part of a Rule 12(b)(6) motion. *See, e.g.*, *Mansha Consulting LLC v. Alakai*, 236 F.Supp.3d 1267, 1273 (D. Haw. 2017) (declining to consider a declaration in support of a 12(b)(6) motion where it was "not apparent on the face of the Complaint that the statute of limitations has run"). But because the argument may properly be made at a future point in the case—in, for example, a motion for summary judgment—Zemeckis may nonetheless wish to consider whether she can overcome the statute of limitations if she chooses to continue pursuing a TILA claim.

12(b)(6). The letter must clearly set forth the facts that Zemeckis would allege in an amended complaint, and it must do so a manner that permits the court to understand which facts are relevant to each specific claim. In addition to setting forth the specific facts Zemeckis believes give rise to each of her claims, the letter should also address whether Zemeckis would allege facts showing that (1) her student loans were in default when Sloan Servicing began servicing them, as required for a FDCPA claim, and that (2) her student loans are "federally related mortgage loans" as required for a RESPA claim. Zemeckis may also wish to address the statute of limitations issue described in footnote 3 above.

Zemeckis's letter does not need to use formal or legal language, but it must at a minimum include sufficient detail to demonstrate that she could allege the necessary facts to state a claim if granted leave to amend. If she cannot allege the necessary facts described above, she may say so and indicate that she would withdraw the relevant claim in an amended filing or seek to dismiss the action altogether. Zemeckis is also cautioned that failing to address the specific deficiencies discussed in this order—including by making further arguments about her purported "administrative claim" process or Sloan Servicing's "standing"—will be considered nonresponsive and may result in the automatic dismissal of her complaint.

If Zemeckis chooses to submit a letter seeking leave to amend, she must do so by January 10, 2026. Zemeckis is cautioned that failure to timely file a letter, or to set forth

sufficient facts in that letter to provide a basis for granting leave to amend, will result in the dismissal of her lawsuit.

## CONCLUSION

For the foregoing reasons, the court GRANTS Sloan Servicing's motion to dismiss, Dkt. No. 7, and DEFERS decision on the question of whether Zemeckis should be granted leave to amend. If Zemeckis wishes to continue pursuing this action, she must submit a letter to the court seeking leave to amend by no later than January 10, 2026. In any such letter, Zemeckis must supplement her factual allegations to address the deficiencies that have been identified in this order. Zemeckis is cautioned that if her letter fails to address the identified deficiencies, her action will be dismissed without leave to amend. Moreover, if Zemeckis does not file a letter requesting leave to amend by January 10, 2026, this case will be automatically dismissed.

In light of the dismissal, the court DENIES all other pending motions in this matter, Dkt. Nos. 15-18, as moot.

IT IS SO ORDERED.

DATED: December 10, 2025, at Honolulu, Hawai'i.




/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 25-00375 MWJS-RT; *The Estate Trust Known as Carolyn Zemeckis v. Sloan Servicing*; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DEFERRING DECISION ON WHETHER TO GRANT LEAVE TO AMEND