IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| The Estate Trust known as CAROLYN ZEMECKIS,<br><br>            Plaintiff,<br><br>       vs.<br><br>SLOAN SERVICING,<br><br>            Defendant. | Civil No. 25-00375 MWJS-RT<br><br>ORDER AUTHORIZING PLAINTIFF TO MAKE ADDITIONAL SUBMISSION |

## ORDER AUTHORIZING PLAINTIFF TO MAKE ADDITIONAL SUBMISSION

For reasons that follow, court AUTHORIZES Plaintiff, the Estate Trust known as Carolyn Zemeckis, to make one additional submission along the lines described below. That submission must be filed no later than February 12, 2026. Plaintiff is warned that no other filings—no motions or other submissions—are authorized at this time. Defendant should not respond to this additional submission unless the court calls for a response in a future order.

1. In a prior order, this court granted Defendant Sloan Servicing's motion to dismiss the initial complaint in this case. Dkt. No. 34. The court observed that it appeared highly unlikely that Plaintiff could salvage the claims in the initial complaint through amendment. *Id.* at PageID.439–41. But given the Ninth Circuit's admonition that leave to amend should be liberally granted, especially to self-represented litigants,

*see, e.g., Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003), the court reserved decision on whether leave should be granted here. *Id.*

Since that time—and, in part, as a result of evidence Defendant has presented—Plaintiff has abandoned each of the claims in the initial complaint and now seeks leave to amend only to bring a new claim. Dkt. No. 47. In a proposed First Amended Complaint, Plaintiff would now allege a state-law unjust enrichment claim, along with a request for declaratory relief hinging on that unjust enrichment claim. *Id.* In its current form, however, the proposed First Amended Complaint does not adequately allege an unjust enrichment claim.

Plaintiff alleges that Carolyn Zemeckis (in whose interest Plaintiff—an Estate Trust—purports to act) owes $67,220 in student loans. Plaintiff further alleges that between June 2002 and May 2018, "the loan was serviced by Great Lakes Educational Loan Services, Inc.," or "Great Lakes." *Id.* at PageID.558. And Plaintiff alleges that "[i]n or around May 2018, servicing of the loan was transferred to Nelnet," which Plaintiff believes is the result of "Nelnet [having] acquired Great Lakes, making them part of the same corporate entity." *Id.* Plaintiff then alleges that Defendant "exists under the umbrella of Nelnet, and acts as its agent and alter ego." *Id.*

These allegations themselves establish that Defendant is properly servicing Plaintiff's student loan: there is no dispute that Great Lakes was a lawful servicer of the loan, there is no dispute that Nelnet purchased the loan, and there is no dispute that

2

Defendant "exists under the umbrella of Nelnet, and acts as its agent and alter ego." *Id.*[1]

Yet Plaintiff's unjust enrichment claim would require Plaintiff to prove that Defendant is not properly servicing Plaintiff's student loan. That, after all, is the very premise of Plaintiff's claim that Defendant is being unjustly enriched by servicing the loan. But Plaintiff alleges no factual support for the conclusion that Defendant is unlawfully acting as the loan servicer. Plaintiff's only allegation is that Defendant has not yet "prove[n] the complete chain of title from the original lender to itself" to Plaintiff's satisfaction. *Id.*

Defendant has no obligation to prove any such "complete chain of title" to Plaintiff's satisfaction, however. And, in any event, it bears repeating that Plaintiff's proposed First Amended Complaint does not dispute—and indeed, lays out factual allegations establishing—that there is in fact a proper chain. That is enough to show that there is no reasonable prospect of Plaintiff curing the deficiency in the proposed First Amended Complaint through any further revision of it. To prove an unjust enrichment claim on the theory that Defendant is, essentially, stealing student loan payments, Plaintiff must provide factual detail to plausibly establish that is so. Plaintiff may not sue first and then demand that Defendant prove it should never have been

---

[1] Whether any of these facts is really true is not the question here; what matters is that Plaintiff itself embraces them, and the viability of its claim must be assessed in light of the facts it has itself accepted as true.

3

sued at all.  (Of course, if Plaintiff were to fail to make demanded payments, then it would be Defendant that likely would file suit, and the burden of proof would fall on Defendant).

       2.  In light of the foregoing—and the broader procedural history of this case—the court is inclined to conclude that it would be futile to allow Plaintiff leave to amend to file the proposed First Amended Complaint.[2]  Nonetheless, in order to ensure a full record, the court authorizes Plaintiff to make one additional letter submission.  The submission shall be no longer than eight pages and must be filed no later than February 12, 2026.

       In the letter, Plaintiff must explain what facts support Plaintiff's assertion that Defendant is not the lawful servicer of Carolyn Zemeckis' student loans.  Plaintiff's letter need not use formal or legal language, but it must at a minimum include sufficient detail to demonstrate that Plaintiff could allege the necessary facts if granted leave to amend.  If Plaintiff cannot allege the necessary facts, as described above, Plaintiff may say so and indicate that Plaintiff wishes to withdraw the proposed First Amended Complaint and seek to dismiss the action.  Plaintiff is warned that beyond this limited

---

[2]     Defendant has made additional arguments for why leave to amend would be futile—including an argument that the amount in controversy has not been established for diversity jurisdiction purposes—and those arguments might further support a conclusion of futility, but the court does not resolve those arguments at this time.

4

authorization, Plaintiff is not authorized to make any additional submissions or make arguments concerning any other topics at this time.

The court will determine whether leave to amend is warranted here after receiving the aforementioned letter.  The court will also, at that time, resolve Defendant's motion for sanctions, Dkt. No. 35.

IT IS SO ORDERED.

DATED:  January 29, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 25-00375 MWJS-RT; *The Estate Trust Known as Carolyn Zemeckis v. Sloan Servicing*; ORDER AUTHORIZING PLAINTIFF TO MAKE ADDITIONAL SUBMISSION

5