IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| The Estate Trust known as CAROLYN ZEMECKIS,<br><br>Plaintiff,<br><br>vs.<br><br>SLOAN SERVICING,<br><br>Defendant. | Civil No. 25-00375 MWJS-RT<br><br>ORDER DENYING PLAINTIFF LEAVE TO AMEND AND DENYING DEFENDANT'S MOTION FOR SANCTIONS |

**ORDER DENYING PLAINTIFF LEAVE TO AMEND
AND DENYING DEFENDANT'S MOTION FOR SANCTIONS**

Before the court are Plaintiff's request for leave to amend to file a further revised proposed First Amended Complaint, Dkt. Nos. 36, 39, 43–47, and Defendant's motion for sanctions against Plaintiff under Rule 11 of the Federal Rules of Civil Procedure, Dkt. Nos. 35–38, 40–42.  For reasons that follow, both are DENIED.

1.  In a prior order, this court granted Defendant Sloan Servicing's motion to dismiss the initial complaint in this case.  Dkt. No. 34.  Although it appeared highly unlikely that Plaintiff could salvage the claims in the initial complaint through amendment, the court reserved decision on whether leave should be granted.  *Id.* at PageID.439–41.  Plaintiff responded with a proposed First Amended Complaint that sought to incorporate additional factual material.  Dkt. No. 39.  But since that time— and, in part, as a result of evidence Defendant has presented—Plaintiff has abandoned

each of the claims in the initial complaint and now seeks leave to amend only to bring a new claim. Dkt. No. 47. In a newly revised proposed First Amended Complaint, Plaintiff would now allege a state-law unjust enrichment claim, along with a request for declaratory relief hinging on that unjust enrichment claim. *Id.*

In its current form, however, the newly revised proposed First Amended Complaint does not adequately allege an unjust enrichment claim. Its premise is that Defendant is not lawfully servicing a student loan. But as the court explained in a prior order, the proposed First Amended Complaint's own allegations support the conclusion that Defendant is indeed properly servicing that loan. Dkt. No. 48, at PageID.563–64. The court also explained that to state a valid claim of unjust enrichment, it is Plaintiff's task—as the party here bearing the burden of proof—to allege facts that, if accepted as true, would plausibly establish that Defendant is not the lawful servicer. *Id.* at PageID.564–65. As the court made clear, it is not Defendant's obligation to lay out the "complete chain of title" of the assignments of the role of servicer to Plaintiff's satisfaction. *Id.* at PageID.564. That is because "Plaintiff may not sue first and then demand that Defendant prove it should never have been sued at all." *Id.* at PageID.564–65.

Nonetheless, in order to ensure a full record, the court authorized Plaintiff to make one additional letter submission explaining "what facts support Plaintiff's

2

assertion that Defendant is not the lawful servicer of [the] student loans" at issue here. *Id.* at PageID.565.

Plaintiff has now filed that letter. Dkt. No. 49. The letter, however, serves only to confirm that Plaintiff cannot allege facts that would plausibly establish Defendant is unlawfully servicing the student loan. Instead, Plaintiff again contends that Plaintiff may simply demand that Defendant prove that it is *not* an unlawful servicer. That is not correct. As the court previously explained, "[t]o prove an unjust enrichment claim on the theory that Defendant is, essentially, stealing student loan payments"—the only claim Plaintiff now seeks to advance in this lawsuit—"Plaintiff must provide factual detail to plausibly establish that is so." Dkt. No. 49, at PageID.564. Plaintiff's latest submission makes plain that there is no possibility of Plaintiff making that showing, which is not surprising, because the facts that even Plaintiff accepts as true (in the proposed First Amended Complaint) themselves go a long way toward demonstrating that Defendant is the proper servicer.

Leave to amend must freely be granted, especially to self-represented litigants. But it need not be granted when it is futile to do so. *See Ramirez v. Galarza*, 334 F.3d 850, 861 (9th Cir. 2003) (recognizing that leave need not be granted when the pleading "could not possibly be cured by the allegation of other facts" (cleaned up)). The procedural history of this case—including the multiple opportunities Plaintiff has been

3

given to offer facts to support the unjust enrichment claim—demonstrate that leave would be futile here.

Accordingly, Plaintiff's request for leave to amend—so that Plaintiff might submit a further revised proposed First Amended Complaint—is DENIED. The court's earlier grant of Defendant's motion to dismiss, therefore, is with prejudice.

2. That leaves the question of whether sanctions are warranted under Rule 11 of the Federal Rules of Civil Procedure. It is a strong motion. Defendant explains that after Plaintiff filed a series of motions, counsel for Defendant "wrote to Plaintiff demanding that the Motions be withdrawn and the Amended Complaint dismissed within 21 days or face Rule 11 Sanctions." Dkt. No. 35-1, at PageID.444. As Defendant further explained, "Plaintiff was fully informed of the basis for the Motion for Rule 11 Sanctions," including that Plaintiff's own motion for sanctions (and to compel discovery) "presented a materially false statement to the Court." *Id.* at PageID.444–45. But Plaintiff did not withdraw Plaintiff's submissions.

Although Plaintiff is proceeding pro se, Plaintiff still has the obligation to become familiar with court rules and procedures, as well as the duty to be candid in factual submissions and to make legal arguments that are defensible. The court agrees that Defendant has proved that Plaintiff at times has made submissions that were "frivolous, legally unreasonable, or without factual foundation." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996). Specifically, some of Plaintiff's

4

submissions have included "claims" and "legal contentions" that were neither "warranted by existing law" nor "by a nonfrivolous argument for the extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The court therefore has the authority to impose sanctions and order that Plaintiff pay reasonable attorney's fees and expenses. Fed. R. Civ. P. 11(c).

      The court nonetheless concludes that sanctions are not appropriate here. Plaintiff's frivolous and legally indefensible filings appear to be the result largely of Plaintiff's misreading of legal authorities. For example, as noted above, Plaintiff appears to be convinced that it is not Plaintiff's obligation to allege facts that would show Defendant is unlawfully servicing the student loan, but rather that Defendant must prove to Plaintiff's satisfaction that Defendant is not an unlawful servicer. That argument is neither supported by existing law nor a nonfrivolous argument for the extension of law. But while "Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status" in considering "both the reasonableness of the [litigant's] behavior and the appropriate measure of sanctions." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (cleaned up). Given that Rule 11's "express goal is deterrence," *id.*, the court concludes that, under the circumstances presented here, it is sufficient deterrence to emphasize the high probability of sanctions should Plaintiff seek to bring a similarly frivolous claim in a future lawsuit. *Accord id.* (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987), for the proposition that a *pro se* complaint may

5

be "frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories").

Defendant's motion for sanctions is DENIED.

\*   \*   \*

For the foregoing reasons, Plaintiff's request for leave to file a further revised proposed First Amended Complaint is DENIED; the court's earlier dismissal of the initial complaint is, therefore, with prejudice.  Furthermore, Defendant's motion for sanctions under Rule 11 is likewise DENIED.

IT IS SO ORDERED.

DATED: February 3, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
───────────────────────────
Micah W.J. Smith
United States District Judge

Civil No. 25-00375 MWJS-RT; *The Estate Trust Known as Carolyn Zemeckis v. Sloan Servicing*; ORDER DENYING PLAINTIFF LEAVE TO AMEND AND DENYING DEFENDANT'S MOTION FOR SANCTIONS